[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTION TO ACCEPTANCE OF FINDING BY FACTS, DATED MAY 7, 2002
In this action, the plaintiffs seek money damages for breach of contract, (express and implied warranties), arising out of an agreement whereby the defendants constructed a dwelling house for the plaintiffs. The defendants denied any breach of contract and alleged by way of Special Defense that the plaintiffs failed to provide notice in accordance with the contract.
The matter was heard by an attorney fact finder, J. Michael Sconyers, in accordance with Sections 23-53, 55 and 56 of the Connecticut Practice Book, who issued Amended Report of Attorney Fact finder on May 10, 2002 in which he recommended that judgment enter for the plaintiffs in the amount of $9500.00 on Counts One and Four, against the defendant Michael J. Lloyd d/b/a J.M.Company only, along with prejudgment interest from September 7, 1999.
The defendants filed Objection to Acceptance of Amended Finding of Facts, under Section 23-57 of the Connecticut Practice Book. In their Objection the defendants stated:
The primary reason for this objection is the Fact finder's failure to find as controlling the contractual language requiring written notice of warranty claims within the CT Page 7452 one year warranty period, and the plaintiffs' failure to provide such notice within the one year period as agreed, which relieved the defendants of liability.
Connecticut Practice Book Section 23-57 provides as follows:
 a. A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted.
A trial court's scope of review of a fact-finder's findings is set forth by the Supreme Court in Elgar v. Elgar, 238 Conn. 839 (1996). First the court should determine if the findings of fact are supported by the evidence. Second, it considers whether the conclusions drawn from the findings are legally and logically correct.
 A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. This court has articulated that attorney trial referees and fact finders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court.
 The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.
(Internal citations omitted; internal quotation marks omitted) Elgar v.Elgar, supra, 238 Conn. 848-49.
Paragraph 7 of the Findings of Fact states that "When the Plaintiffs CT Page 7453 moved in to the dwelling, the exterior painting had not been done."
In paragraphs 4 and 5 the fact-finder found that the deed was delivered to the plaintiffs on April 10, 1997 and that they moved into the dwelling on April 10, 1997. In paragraphs 8 and 9 he found that by letter mailed on April 13 or 14, 1998, the plaintiffs notified the defendants of the problems in the exterior paint.
In paragraph 12, the fact-finder found that "The Contract further provides in "Article V Warranties" at Sec. 5-03 that Buyer (Plaintiffs)" . . . will provide notice of any defects in writing to the Contractor (Defendant Michael J. Lloyd) on or before the termination of the Statutory One (1) year period." With regard to Express Warranties, Connecticut General Statutes § 47-117 provides, in relevant part:
 (d) An express warranty shall terminate: (1) In the case of an improvement completed at the time of the delivery of the deed to the purchaser, one year after the delivery or one year after the taking of possession by the purchaser, whichever occurs first; and (2) in the case of an improvement not completed at the time of delivery of the deed to the purchaser, one year after the date of the completion or one year after taking of possession by the purchaser, whichever occurs first.
Similarly, Connecticut General Statutes § 47-118, Implied Warranties, provides in relevant part:
 (e) The implied warranties created in this section shall terminate: (1) In the case of an improvement completed at the time of the delivery of the deed to the purchaser, one year after the delivery or one year after the taking of possession by the purchaser, whichever occurs first; and (2) in the case of an improvement not completed at the time of delivery of the deed to the purchaser, one year after the date of the completion or one year after taking of possession by the purchaser, whichever occurs first.
The above statutes do not impose a requirement that purchasers must notify the seller of breach of warranty within a year, but there is no reason why the parties cannot freely bargain for a notice provision in their contract.
These statutes, covering both express and implied warranties, as CT Page 7454 applied to this case, provide that all warranties terminated on April 10, 1998, one year after April 10, 1997, the date of both delivery of the deed and taking possession of the premises.
Inasmuch as the fact-finder has found in paragraphs 8 and 9 that written notice of the condition of the exterior paint was by letter dated April 13, 1998, and further found in paragraph 12 that the Contract specified that written notice be provided in writing on or before the termination of the statutory one year period, this court concludes that the plaintiffs cannot recover under the contract, because the warranties terminated on April 10, 1997, which is more than one year before written notice.
At oral argument on this motion, counsel for the plaintiffs argued that Connecticut General Statute § 47-118, Implied Warranties is a remedial statute which must be liberally construed in favor of the purchasers, and that Section 47-118 (d) renders nugatory the notice provision in the contract.
Section 47-118 (d) reads as follows:
 Neither words in the contract of sale, nor the deed, nor merger of the contract of sale into the deed is effective to exclude or modify any implied warranty; provided, if the contract of sale pertains to an improvement then completed, an implied warranty may be excluded or modified wholly or partially by a written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to exclusion or modification, and the terms of the new agreement with respect to it.
This section of the statute refers to exclusion or modification of the implied warranty. The words in the contract requiring written notice do not exclude or modify any warranty. The warranty remains the same; therefore section 47-118 (d) is not applicable here.
Having found that the fact-finder erroneously failed to give effect to the notice requirement of the contract, the court must take action in accordance with Section 23-58. Accordingly this court remands the case to the fact-finder for reconsideration in light of this opinion.
___________________ Walsh, J. CT Page 7455